UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD T. FURNACE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>M. JUNIOUS, et al.,<br><br>　　　　Defendants. | CASE NO. 1:14-cv-01671-LJO-MJS (PC)<br><br>**ORDER DENYING MOTION TO EXCEED PAGE LIMIT FOR AMENDED COMPLAINT**<br><br>**(ECF No. 8)** |

　　　Plaintiff is a state prisoner proceeding *pro se* and in *forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff has declined Magistrate Judge jurisdiction. (ECF No. 5).

　　　The Court dismissed Plaintiff's original complaint with leave to amend. (ECF No. 9). Before the Court is Plaintiff's request for a court order instructing the prison librarian to permit him to file an amended complaint that exceeds the 50-page limit set forth in Cal. Code. Regs. tit. 15 § 3162(c). (ECF No. 8).

　　　The Court will deny this Motion for the following reasons. First, the prison librarian is not a party to this action. The Court cannot compel a non-party to do or refrain from particular actions. Second, even if the librarian were a party, the Court would have no

basis for ordering preliminary injunctive relief.  Plaintiff has yet to file a cognizable claim.  It thus cannot be said that he has shown "a strong likelihood of success on the merits", a prerequisite to injunctive relief.  See Mayweathers v. Newland, 258 F.3d 930, 938 (9th Cir. 2001). Third, Cal. Code Regs. tit. 15 § 3162(c) provides that the appropriate means for an inmate to copy more than 50 pages is to "provide to designated staff a written explanation of the need for excess document length," not to obtain a court order.

In addition, the Court reminds Plaintiff of the requirement of Fed. R. Civ. P. 8(a)(2), which requires a complaint to be "a short and plain statement of the claim showing that the pleader is entitled to relief."  Plaintiff must set forth his claims in a clear, succinct, and straightforward manner.  It is the very rare case that requires more than 10 pages to do that; additional pages likely would confuse, not clarify.

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion to exceed CDCR's fifty-page copy limit (ECF No. 8) is DENIED.

IT IS SO ORDERED.

Dated:   May 11, 2015                         /s/ *Michael J. Seng*
                                              UNITED STATES MAGISTRATE JUDGE